IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| OTIS GRAY, | ) |
| Plaintiff, | ) ) ) Case No. _____ |
| v. | ) ) |
| DYNCORP INTERNATIONAL, LLC, DYNCORP, INC. | ) ) ) |
| Defendants. | ) |

**NOTICE OF REMOVAL**

Defendant DynCorp International, LLC ("DI"), by filing this Notice of Removal, removes this action from the Chancery Court of Tennessee for the Nineteenth Judicial District at Clarksville (Montgomery County) Tennessee, to the United States District Court for the Middle District of Tennessee, Nashville Division, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332. The grounds for removal are set forth below.

1) **INTRODUCTION**

   A.  On July 12, 2011, Plaintiff Otis Gray ("Plaintiff") filed a Complaint in the Chancery Court of Montgomery County Tennessee, entitled *Otis Gray v DynCorp, Inc.*, No. MC CH CV MG 11-9 (the "State Court Action"). Summons was issued on July 12, 2011. The Complaint originally incorrectly named DynCorp, Inc. as a defendant. DynCorp, Inc. is a separate and distinct legal entity from DynCorp International, LLC. Defendant DynCorp International, LLC was not named as a defendant, nor was it served with Plaintiff's original Complaint or Summons.

**B.** On December 27, 2011, Plaintiff filed his First Amended Complaint in the above matter, naming Defendant DynCorp International, LLC as an additional Defendant for the first time. Summons was issued on December 27, 2011.

**C.** The First Amended Complaint and Summons were served on DI on January 9, 2012, via certified mail. Therefore, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed inasmuch as it has been filed thirty (30) days after receipt by Defendant.

**D.** Pursuant to 28 U.S.C. § 1446(a), attached as <u>Exhibit A</u> are true and correct copies of "all process, pleadings and orders" that have been served upon Defendant in the State Court Action.

**E.** Plaintiff and DI are diverse parties, and the amount in controversy exceeds $75,000. Accordingly, removal is proper based upon diversity of citizenship.

**F.** Co-defendant, DynCorp, Inc., incorrectly identified as Plaintiff's employer in the original Complaint, does not oppose the removal. Plaintiff's First Amended Complaint states that it intends to nonsuit DynCorp, Inc. from this action. (*See* Ex. A, First Amended Complaint at p. 2 n.1.)

## 2) ARGUMENT AND CITATION OF AUTHORITY

**G.** Timeliness Of Removal

On or about January 9, 2011, Plaintiff served DI by certified mail with the Summons and First Amended Complaint. Pursuant to 28 U.S.C. § 1446(a), attached as <u>Exhibit A</u> are true and correct copies of "all process, pleadings and orders" that have been served upon Defendant in the State Court Action. This Notice of Removal is timely in that it is filed within thirty (30)

days from the date on which DI was served with the Summons and Complaint, and within one year from the commencement of this action. *See* 28 U.S.C. § 1446(b).

**H.** Basis Of Removal

This Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, and this case may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441, because it is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1).

As a threshold matter, the parties in this case are citizens of different states. Plaintiff is a resident of Tennessee. *See* Ex. A, First Amended Complaint, ¶ 2. DI is a Delaware limited liability company, with its principal place of business in the State of Virginia. (*See* Declaration of Elvira M. French, ¶ 2, attached as Exhibit B.) DI is not a citizen of Tennessee, and there is complete diversity between Plaintiff and DI. For purposes of diversity jurisdiction, a limited liability company is deemed to be a citizen of each state in which its members reside. *V&M Stat, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010). DI is a wholly-owned subsidiary of DynCorp International, Inc., such that DI's sole member is DynCorp International, Inc. (Exhibit B, French Decl. at ¶ 2.) Thus, for purposes of jurisdiction, the citizenship of DI is the same as DynCorp International, Inc.

A corporation is deemed to be a citizen of its state of incorporation and the state where it has a principal place of business. 28 U.S.C. § 1332(c)(1). DynCorp International, Inc. is incorporated in Delaware and has its principal place of business in Falls Church, Virginia. (Exhibit B, French Decl. at ¶ 2.) As such, both DynCorp International Inc. and DI are both citizens of

3

Delaware and Virginia.[1]

Furthermore, based upon the damages sought by Plaintiff, the amount in controversy in this action, exclusive of interest and costs, exceeds $75,000 as required by 28 U.S.C. § 1332 (1). Plaintiff's causes of action include hostile work environment and race discrimination in violation of the Tennessee Human Rights Act ("THRA"). (*See* Ex. A, First Amended Complaint, ¶¶ 30-42.) Plaintiff has demanded "damages of lost compensation," "front pay," "compensatory damages, including but not limited to, damages for emotional distress, pain and suffering, medical expenses, embarrassment, and humiliation," "attorney's fees" and "punitive damages." (*See* Ex. A, First Amended Complaint, Prayer for Relief, ¶¶ 1-10.) Regarding compensatory damages, Plaintiff bases his claims on the fact that he was terminated from his employment with DI, and that as a result of this allegedly wrongful termination, he "lost wages and benefits for all of which he should be compensated." (Ex. A, First Amended Complaint, ¶25.) Plaintiff contends DI terminated its employment relationship with him on or about December 21, 2010, after having been employed by the Company since or about January 23, 2009. *See* Ex. A, ¶¶ 7, 9. Plaintiff worked for DI earning $18.50 per hour, and in 2010, he made a total of $40,497.83 from January 1, 2010 through his termination. (Ex. B, ¶ 3.) Given these facts, Plaintiff's claim for lost income and employment benefits will by itself exceed $75,000 by the time of trial.

Additionally, Plaintiff seeks attorneys' fees. (*See* Ex. A, First Amended Complaint, Prayer for Relief, ¶¶ 1-10.) The Sixth Circuit has conclusively held that if attorneys' fees are recoverable, then those damages are included in determining the total amount in controversy. *See Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975) (potentially

---

[1] While Plaintiff intends to nonsuit co-Defendant DynCorp, Inc., *see* First Amended Complaint at n.1, it is notable that DynCorp, Inc. is also not a "resident" of Tennessee pursuant to 28 U.S.C. § 1332(c)(1). Upon information and belief, DynCorp, Inc., is a Delaware for-profit corporation, with its principal place of business in the State of Virginia.

4

recoverable attorneys' fees considered when calculating amount in controversy); *Lucius v. Bayside First Mortg., Inc.*, 43 F. Supp. 2d 868, 871 (W.D. Tenn. 1999) (same). The THRA specifically provides that costs and reasonable attorney's fees are available for a discrimination or harassment claim. Tenn. Code Ann. § 4-21-311(b). Accordingly, Plaintiff's claim for attorney's fees further place the amount in controversy above $75,000.

As the pleadings and evidence demonstrate that the amount in controversy rises above the threshold of $75,000, removal is proper under 28 U.S.C. § 1332.

## I. Venue

Venue is proper in this Court in that this is the District Court of the district and division embracing the place where the action is pending in state court. *See* 28 U.S.C. § 1441(a).

## J. Notice

In accordance with 28 U.S.C. § 1446(d), DI has simultaneously given prompt written notice of the filing of this Notice of Removal to Plaintiff and filed a copy of the Notice of Removal with the Clerk of the Chancery Court of Montgomery County, Tennessee, attached hereto and incorporated herein by reference as Exhibit C.

## II. CONCLUSION

This Court has jurisdiction, based on diversity of citizenship over this case pursuant to 28 U.S.C. § 1332, and this case is therefore properly removable to this Court pursuant to 28 U.S.C. § 1441.

Dated: February 8, 2012

Respectfully Submitted,

*Tara L. Presnell*

C. Eric Stevens (BPR No. 010632)
Tara L. Presnell (BPR No. 024424)
LITTLER MENDELSON, P.C.
3200 West End Avenue
Suite 500
Nashville, TN 37203
Telephone: 615.383.3033
Facsimile: 615.383.3323
EStevens@Littler.com
TPresnell@Littler.com

**ATTORNEYS FOR DEFENDANT
DYNCORP INTERNATIONAL, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of February, 2012, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was served by placing the same in the United States mail, first-class postage prepaid, addressed as follows:

Eric Davison
Davison Law Firm
879 Willow Tree Circle, #105
Cordova, TN 38018

*Tara L. Presnell*

Tara L. Presnell

6