# Exhibit A



**Service of Process Transmittal**
01/09/2012
CT Log Number 519767012

TO: Greg Nixon, Sr Vice President and General Counsel
DynCorp International LLC
3190 Fairview Park Drive, Suite 700
Falls Church, VA 22042

RE: **Process Served in Tennessee**

FOR: DynCorp International LLC (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| TITLE OF ACTION: | Otis Gray, Pltf. vs. Dyncorp International, LLC and Dyncorp, Inc., Dfts. *Name discrepancy noted.* |
| DOCUMENT(S) SERVED: | Letter, Summons, First Amended Complaint, Certificate of Service |
| COURT/AGENCY: | Montgomery County Chancery Court, TN<br>Case # MCCHCVM6119 |
| NATURE OF ACTION: | Employee Litigation - Wrongful Termination - On December 21, 2010 |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Knoxville, TN |
| DATE AND HOUR OF SERVICE: | By Certified Mail on 01/09/2012 postmarked on 01/06/2012 |
| JURISDICTION SERVED: | Tennessee |
| APPEARANCE OR ANSWER DUE: | Within 30 days from the date this summons is served upon you |
| ATTORNEY(S) / SENDER(S): | Edgar Davison<br>Davison Law Firm<br>879 Willow Tree Circle, # 105<br>Cordova, TN 38018<br>901-254-8910 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 01/09/2012, Expected Purge Date: 01/14/2012<br>Image SOP<br>Email Notification, Larry Grayer larry.grayer@dyn-intl.com<br>Email Notification, Myra Wright Myra.Wright@dyn-intl.com<br>Email Notification, Elvira M. French elvira.french@dyn-intl.com |
| SIGNED:<br>PER:<br>ADDRESS:<br><br><br>TELEPHONE: | C T Corporation System<br>Amy McLaren<br>800 S. Gay Street<br>Suite 2021<br>Knoxville, TN 37929-9710<br>800-592-9023 |

Page 1 of 1 / KM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# Davison Law Firm

January 3, 2012

CT Corporation System
800 South Gay Street, Suite 2021
Knoxville, Tennessee 37929

    RE:    Otis Gray v. Dyn-Corp International, LLC.
            Case No.: MC CH CV MG 11-9

Dear Gentleperson:

    Please find enclosed the Summons and the Complaint as it relates to the above referenced matter. Should you have any questions or concerns, please do not hesitate to contact me.

Sincerely,

Edgar Davison
Enclosures

879 Willow Tree Circle
Suite 104
Cordova, TN 38018

edgar@davisonlawfirm.net
(901) 254-8910
(901) 754-7484 facsimile

## IN THE CHANCERY COURT OF TENNESSEE FOR THE NINETEENTH JUDICIAL DISTRICT AT CLARKSVILLE

| | |
|---|---|
| OTIS GRAY, | |
| Plaintiff, | |
| v. | Case No.: MC CH CV M6 11-9 |
| | **Jury Demanded** |
| DYNCORP INTERNATIONAL, LLC, DYNCORP, INC. | A TRUE COPY ATTEST |
| Defendant. | FILED 12/27 2011 |
| | TED A. CROZIER, JR., C & M |

## FIRST AMENDED COMPLAINT FOR DISCRIMINATION IN EMPLOYMENT

NOW COMES Plaintiff, Otis Gray, by and through counsel, Edgar Davison, Esq., and in support of his First Amended Complaint for Discrimination in Employment would respectfully represent to the Court as follows:

### Introduction

1. This lawsuit is instituted pursuant to the Tennessee Human Rights Act and state common law.

### Parties

2. Plaintiff, Otis Gray [hereinafter "Plaintiff" or "Mr. Gray"], is an adult resident of Clarksville, Montgomery County, Tennessee.

3. Defendant DynCorp International, LLC., ("DynCorp") is a corporation for profit located in Falls Church, Virginia, authorized to do business within the state of Tennessee, and doing business in Montgomery County, Tennessee. At all times relevant herein, Defendant

DynCorp is an employer as contemplated by the Tennessee Human Rights Act.[1]

## Jurisdiction and Venue

4. The Plaintiff was employed by Defendant, in Montgomery County, Tennessee and the employment practices complained of herein all occurred in Tennessee.

5. This Court has personal jurisdiction over the parties and subject matter jurisdiction of this dispute.

6. All or a substantial portion of the acts and employment decisions complained of took place within this district, venue is proper with this Court.

## Factual Background

7. Plaintiff began his employment with DynCorp on or about January 23, 2009.

8. Plaintiff was a qualified and competent employee of Defendant as a motor vehicle mechanic.

9. Plaintiff was terminated by Defendant on December 21, 2010.

10. Plaintiff had a considerable amount of respect from his peers at DynCorp and was known to be a helpful and level headed employee of the Defendant.

11. Omega Fuller was also an employee of the Defendant who was known to have temperament issues.

12. Mr. Fuller has had several altercations with other employees of the Defendant.

13. On or about December 17, 2010, Plaintiff came into a verbal altercation with

---

[1] Plaintiff amends this complaint to include DynCorp International, LLC, which is the proper employer without leave pursuant to Tenn. Code Ann. §20-1-119. DynCorp, Inc. was previously incorrectly named and the Amended Complaint is being filed to reflect the proper party. DynCorp International has been put on notice and DynCorp, Inc. has no opposition to this amendment. Plaintiff intends to nonsuit DynCorp, Inc. from this action.

2

Omega Fuller.

14. While the Plaintiff and Mr. Fuller were discussing their issues, Mr. Fuller began to walk away.

15. At that time the Plaintiff continued to try to talk to Mr. Fuller in an effort to resolve the matter at hand.

16. While attempting to discuss this matter with Mr. Fuller, Mr. Fuller became increasingly agitated at the Plaintiff and proceeded to physically attack the Plaintiff.

17. In response to Mr. Fuller's behavior, the Plaintiff defended himself.

18. Once the altercation stopped, both parties were brought before the proper personnel to be reprimanded.

19. Mr. Fuller, who provoked and instigated the altercation between him and the Plaintiff, was given a two (2) week suspension.

20. While Mr. Fuller was given a two (2) week suspension, Plaintiff was terminated as the result of this altercation.

21. DynCorp has a very strict "no tolerance" policy and that was the reason given for the termination of the Plaintiff.

22. DynCorp failed to follow its "no tolerance" policy across the board by also terminating Mr. Fuller in response to his involvement with the altercation that took place on or about December 17, 2010.

23. In failing to follow its own "no tolerance" policy, DynCorp wantonly and willfully wrongfully terminated the Plaintiff.

3

24. The actions of the Defendant constitute wrongful termination under the Tennessee Human Rights Act and other state law.

25. The actions of the Defendant have caused the Plaintiff to suffer damages liquidated damages including but not limited to lost wages and benefits for all of which he should be compensated.

26. Plaintiff filed his original Complaint for Discrimination in Employment on or about July 12, 2011.

27. Plaintiff named DynCorp, Inc., as the Defendant as he believed that this was his employer.

28. The proper Defendant in this matter is DynCorp International.

29. Plaintiff would like to clarify and name the proper Defendant in this matter.

## COUNT I

## HOSTILE WORK ENVIRONMENT

30. Plaintiff reiterates, realleges, and incorporates herein by reference, each and every allegation contained in paragraphs 1-29 as if set forth fully herein

31. Omega Fuller was Plaintiff's coworker while Plaintiff was employed at DynCorp.

32. Mr. Fuller made crude, inappropriate, and unwelcoming remarks to Plaintiff and inflicted harm unto Plaintiff.

33. DynCorp knew that Mr. Fuller was known to have altercations with employees of DynCorp, yet took no corrective action against Mr. Fuller until the altercation between the Plaintiff and Mr. Fuller.

34. While DynCorp took corrective action against Mr. Fuller at this time, the actions

4

taken against the Plaintiff were more serious and severe in nature.

35. Due to the infliction of harm by Mr. Fuller onto the Plaintiff on DynCorp premises, Plaintiff was terminated from his position with the Defendant.

36. Plaintiff suffered and will continue to suffer damages due to the hostile working environment created by Mr. Fuller and not properly controlled by DynCorp.

## COUNT II:

## RACE DISCRIMINATION UNDER THRA

37. The allegations set forth in paragraphs 1-36 are incorporated by reference as if fully set forth herein.

38. Plaintiff is an African American male.

39. Defendant discriminated against the Plaintiff on the basis of his race in the terms of his termination from employment with the Defendant.

40. Similarly situated employees of other races were treated more favorable than Plaintiff with regards to disciplinary action received from the Defendant.

41. As a direct and proximate result of Defendant's discriminatory actions, the Plaintiff has suffered damages.

42. The Plaintiff suffered a loss of pay, benefits, incidental expenses, and front pay, for all of which he should be compensated.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Otis Gray respectfully prays for relief as follows:

1. That the Defendant be served and required to answer within the time prescribed by law;

5

2. That a jury try this cause;

3. That, upon the hearing of this cause, Plaintiff be awarded a judgment for damages of lost compensation from the date of Defendant's discriminatory actions, in an amount to be proven at trial;

4. That the Court issue an award of front pay in an amount to be proven at trial in lieu of reinstatements as the circumstances surrounding the place of employment have made reinstatement impossible;

5. That Plaintiff be awarded additional compensatory damages including but not limited to, damages for emotional distress, pain and suffering, medical expenses, embarrassment, and humiliation in an amount to be proven at trial;

6. That costs of discretionary actions be taxed against Defendant;

7. That costs and attorney's fees be assessed against Defendant pursuant to T. C. A. §4-21-206(a)(7);

8. That punitive damages be assessed against Defendant for their actions;

9. That such other remedies as shall be necessary and proper to eliminate all violations complained of herein be awarded pursuant to T. C. A. §4-21-306(a)(8); and,

10. For such other, further, and general relief as his Court may deem appropriate.

**Plaintiff Demands A Jury To Try The Issues.**

6

Case 3:12-cv-00156   Document 1-1   Filed 02/08/12   Page 9 of 12 PageID #: 15

Respectfully submitted,

_____
Edgar Davison (#024388)
Davison Law Firm
879 Willow Tree Circle, #105
Cordova, TN 38018
(901) 254-8910
(901) 754-7484 (fax)

## CERTIFICATE OF SERVICE

I, Edgar Davison, do hereby certify that on the 20th day of December, 2011, a true and exact copy of the foregoing was served via U. S. Mail, postage prepaid, upon:

Eric Smith
BRADLEY ARANT
BOULT CUMMINGS LLP
Roundabout Plaza
1600 Division Street, Suite 700
Nashville, TN 37203

_____
Edgar Davison

7

# CHANCERY COURT SUMMONS
# MONTGOMERY COUNTY, TENNESSEE

Otis Gray
VS.
DynCorp International, LLC

A TRUE COPY ATTEST
FILED 12/27/2011
TED A. CROZIER, JR., C & M

CASE NO.
MC-CH-CV-MC-11-9

SUMMONS TO: DynCorp International, LLC by serving CT Corporation System 800 S. Gay Street, #2021 Knoxville TN 37929

METHOD OF SERVICE:
___ MONTGOMERY CO. SHERIFF
___ SECRETARY OF STATE
_X_ CERTIFIED MAIL
___ COMM. OF INSURANCE
___ PRIVATE PROCESS
___ OUT OF COUNTY SHERIFF
___ OTHER (SPECIFY)

You are summoned to appear and defend a civil action filed against you which has been filed in Chancery Court, Montgomery County, Tennessee, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below. In case of your failure to defend this action by the above date, judgment by default may be rendered against you for the relief demanded in the Complaint.

Issued: 12/27/11

TED A. CROZIER, JR.
Clerk and Master, Chancery Court,
Montgomery County, Tennessee

ATTORNEY NAME & ADDRESS: Edgar Davison
879 Willow Tree Circle, Suite 105B
Cordova TN 38018

Ashlee R Baggett
Deputy Clerk and Master

## RETURN ON PERSONAL SERVICE OF SUMMONS

___ Executed by reading the summons and leaving a copy of the Complaint with _____

___ I was unable to execute this summons and a copy of the Complaint because _____

On this the ____ day of _____, 20__

_____
Sheriff / Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that on _____ 20__, I sent, postage prepaid, by registered return receipt or certified return receipt mail, a certified copy of the summons and a copy of the Complaint in case # MC-CH-CV-___-___-___ to the Defendant, _____. On _____, 20__ I received the return receipt, which had been signed by _____ on _____, 20__. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

_____
Person authorized by statute to serve process

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in the action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of Court. This list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be included, these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right on how to exercise it, you may wish to seek the counsel of a lawyer. Mail list to: Clerk and Master, Montgomery Co. Court Center, Two Millennium Plaza, Ste 101, Clarksville, TN 37040.

## CERTIFICATION (IF APPLICABLE)

I, TED A. CROZIER, JR., Clerk & Master of the Chancery Court for Montgomery County, Tennessee, do certify this to be a true and correct copy of the original Summons issued in this case.

Date: 12/27/11

Ashlee R Baggett
Deputy Clerk & Master

♿ ADA – FOR ASSISTANCE CALL (931) 920-1844

