# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| OTIS GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:12-cv-00156 |
| | ) | |
| v. | ) | Judge Nixon |
| | ) | Magistrate Judge Griffin |
| DYNCORP INTERNATIONAL, LLC and | ) | |
| DYNCORP, INC., | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is Defendant DynCorp International, LLC's Motion to Dismiss ("Motion") (Doc. No. 5), filed along with a Memorandum in Support (Doc. No. 6). For the reasons given below, Defendant's Motion is **GRANTED**.

## I. BACKGROUND

### A. Factual Background[1]

Plaintiff alleges that he was employed by Defendant as a motor vehicle mechanic beginning on or about January 23, 2009. He alleges that he was a qualified and competent employee, and that he was respected by his fellow employees.

Plaintiff allegedly came into a verbal altercation with another employee, Omega Fuller, on or about December 17, 2010. Plaintiff alleges that Mr. Fuller was known to have "temperament issues." Plaintiff alleges that, during the altercation, Mr. Fuller began to walk away while Plaintiff continued to try to talk to Mr. Fuller to resolve the problem. Mr. Fuller

---

[1] The allegations in this section are taken from Plaintiff's Amended Complaint (Doc. No. 1-1).

1

allegedly became increasingly agitated and proceeded to physically attack Plaintiff. Plaintiff alleges that he defended himself in response to Mr. Fuller's behavior.

As a result of this altercation, Mr. Fuller was allegedly given a two-week suspension. Plaintiff alleges that he, however, was terminated. Defendant's strict "no tolerance" policy was allegedly given as the reason for Plaintiff's termination, which allegedly occurred on December 21, 2010.

### B. Procedural Background

Plaintiff filed this lawsuit against DynCorp, Inc. in the Chancery Court of Montgomery County on July 12, 2011. (Doc. No. 1 at 1.) Plaintiff filed an Amended Complaint on December 27, 2011, naming Defendant as an additional defendant in this case for the first time. (*Id.* at 2; Doc. No. 1-1 at 4.)[2] Plaintiff brings a hostile work environment claim and a race discrimination claim under the Tennessee Human Rights Act (THRA). (Doc. No. 1-1 at 7-8.) Among other relief, Plaintiff seeks punitive damages against Defendant. (*Id.* at 9.) Defendant, a Delaware limited liability company with its principal place of business in Virginia, removed the case to federal court on diversity grounds on February 8, 2012. (Doc. No. 1.)

Defendant filed the pending Motion on February 10, 2012 (Doc. No. 5), along with a Memorandum in Support (Doc. No. 6). To date, Plaintiff has not responded to the Motion.

## II.  LEGAL STANDARD

To withstand a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a complaint must allege "[e]nough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court recently clarified the *Twombly*

---

[2] In his Amended Complaint, Plaintiff stated that DynCorp, Inc. was incorrectly named as a defendant in this case, that Defendant was Plaintiff's proper employer, and that he intended to nonsuit DynCorp, Inc. from the action. (Doc. No. 1-1 at 5 n.1.) Plaintiff has yet to move for dismissal of DynCorp, Inc. from the case, however.

standard, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). Plausibility requires "[m]ore than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that pleads facts "'[m]erely consistent with' defendant's liability . . . 'stops short of the line between possibility and plausibility' of entitlement to relief." *Id.* (quoting *Twombly,* 550 U.S. at 546).

When ruling on a defendant's motion to dismiss, the Court must "[c]onstrue the complaint liberally in the Plaintiffs' favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac,* 41 F.3d 1061, 1064 (6th Cir. 1994). The Court must allow "[a] well-pleaded complaint [to] proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly,* 550 U.S. at 556.

## III. ANALYSIS

In its Motion, Defendant seeks dismissal of Plaintiff's prayer for punitive damages on the grounds that the THRA prohibits punitive damages. (Doc. No. 6 at 1.) Defendant argues that Tennessee law is clear that the THRA only allows punitive damages for cases involving discriminatory housing practices and malicious harassment, and not for race discrimination or hostile work environment claims. (*Id.* at 2.) Because Plaintiff does not bring a claim for discriminatory housing practices, and because Plaintiff's allegations do not rise to the level of malicious harassment claims, Defendant asserts that Plaintiff's punitive damages prayer must be dismissed. (*Id.* at 2-3.)

The THRA itself expressly provides for punitive damages in "cases involving discriminatory housing practices," T.C.A. § 4-21-311(c), and in malicious harassment cases, *id.*

3

§ 4-21-701(b). In light of this statutory language, the Tennessee Supreme Court has held that "punitive damages under the THRA are available only in cases involving discriminatory housing practices and malicious harassment." *Carver v. Citizens Utils. Co.*, 954 S.W.2d 35, 36 (Tenn. 1997). Just last year, this Court relied on *Carver* in dismissing a plaintiff's claim for punitive damages under the THRA when the plaintiff had pleaded neither a discriminatory housing practice claim nor a malicious harassment claim. *Moore v. City of Clarksville*, No. 3:10-0141, 2011 U.S. Dist. LEXIS 78474, at *24-25 (M.D. Tenn. July 19, 2011).

In this case, Plaintiff brings two claims: a hostile work environment claim and a race discrimination claim under the THRA. (Doc. No. 1-1 at 7-8.) Clearly, neither claim could be construed as a discriminatory housing practice claim, as the claims arise in the context of his employment. Furthermore, Plaintiff has not pleaded a malicious harassment claim, and neither does the Court construe his allegations to meet the standard for such a claim. As this Court has recently held, "a claim of malicious harassment requires not only that a person acted maliciously, i.e., with ill-will, hatred or spite, but also that a person unlawfully intimidated another from the free exercise or enjoyment of a constitutional right." *Daniel v. Rutherford Cnty.*, No. 3:08-00678, 2010 U.S. Dist. LEXIS 907, at *34 (M.D. Tenn. Jan. 5, 2010) (citation omitted). Plaintiff's claims fall far short of this standard; he simply alleges that he was unlawfully terminated after an altercation with a co-worker, who was given a two-week suspension rather than also being terminated.

Thus, because Plaintiff brings neither a discriminatory housing practice nor a malicious harassment claim, punitive damages are unavailable to Plaintiff under the THRA. Accordingly, Defendant's Motion is **GRANTED**, and Plaintiff's prayer for punitive damages is **DISMISSED**.

**IV. CONCLUSION**

For the reasons given above, Defendant's Motion is **GRANTED**. Plaintiff's prayer for punitive damages is **DISMISSED**.

It is so ORDERED.

Entered this the \_\_\_\_\_23rd_____ day of March, 2012.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT